TJOFLAT, GERALD BARD, Associate Judge.
This is an appeal by the plaintiff, Ronald E. DeLong, who obtained a jury verdict in the amount of “nothing” at the conclusion of the trial of his personal injury action. The suit arose out of a rear end collision which occurred on July 9, 1963. After the issues were joined, the trial court granted plaintiff’s motion for a partial summary judgment, and the case was tried on the question of damages only. Following the verdict, plaintiff moved for a new trial. The motion was denied, and this appeal was taken.
At the trial, plaintiff presented evidence to the effect that he had received a whiplash injury that failed to respond to treatment. A herniated cervical disc was subsequently discovered and required corrective surgery. Plaintiff’s medical history disclosed another whiplash injury suffered in an earlier automobile accident in March, 1963; but he took the position that it was the later accident with defendant that caused the cervical disc involvement. Thus, he sought to hold defendant responsible for the entire condition.
The defendant naturally adopted the opposite view, contending that all of plaintiff’s injuries resulted from the first accident which plaintiff had made the subject of a workmen’s compensation claim. To stress her point, defendant’s counsel was permitted to read to the jury, over plaintiff’s objection, the court reporter’s transcript of testimony plaintiff had given previously at a workmen’s compensation hearing. At that hearing plaintiff attributed all of his difficulties to the first accident and said he had suffered little, if any, trauma or discomfort as a result of his subsequent accident with the defendant.
Plaintiff’s sole contention on this appeal is that the trial court erred in allowing the testimony to be published to the jury because the transcript had not been authenticated. He submits that the jury gave great weight to the testimony, as the verdict obviously reflects, and that the error was clearly harmful.
There is of course no doubt that plaintiff’s testimony before the deputy commissioner could properly have been presented to the jury as substantive evidence under the admissions exception to the hearsay rule. To do this defendant’s counsel could have called the court reporter as a witness to authenticate the transcript or obtained plaintiff’s consent to its introduction in evidence. The defendant claims that it was not necessary to produce the court reporter because plaintiff’s counsel had waived previously whatever objection he might have had as to authenticity.
The record of the trial proceedings reveals that the admissibility of the transcribed testimony first became an issue when defendant’s counsel announced his intention to read it to the jury. Plaintiff’s counsel promptly objected to the publication of the transcript on the express ground that it had not been authenticated. An extended colloquy between the court and counsel ensued, during which defendant’s counsel insisted that the authentication issue had been resolved at the pre-trial conference when plaintiff announced that it would be unnecessary for the court reporter to testify. Plaintiff denied any such pre-trial agreement, and insisted that it was defendant’s obligation to establish the proper predicate for the introduction of the transcript into evidence.
Unfortunately, minutes of the pre-trial conference were not kept. The record before us indicates that counsel were unable to agree on what actually took place at the conference; and the trial judge apparently had no independent recollection of the disposition of the issue. Since defendant’s counsel was unable to establish the alleged pre-trial stipulation that the transcript was *248 admissible, plaintiff’s counsel was entitled to require its authentication at trial.
We have examined the record closely to determine whether, by his conduct, plaintiff’s counsel consented to the reading of the transcript to the jury; but there is no evidence of consent. Accordingly, it was error to permit defendant’s counsel to publish the testimony. It was calculated to damage plaintiff’s case, and the verdict suggests that it did. We must conclude that the error was harmful. Therefore, we reverse and remand the cause for a new trial on damages.
CROSS, C. J., and McCAIN, J., concur.