379 So.2d 710 (1980)
Vilda YATES, Appellant,
v.
BASS RANCH, INC., et al., Appellees.
No. 79-696.
District Court of Appeal of Florida, Fourth District.
February 13, 1980.
N. Albert Bacharach, Jr. of Florida Rural Legal Services, Inc., Fort Pierce, for appellant.
*711 Tom W. Conely, III of Conely & Conely, Okeechobee, for appellees.
HERSEY, Judge.
This was an action by appellant to quiet title in herself of nine acres in Okeechobee County. Appellant bases her claim on a Special Warranty Deed executed in 1977 by her mother, Lottie Sparkman. It is appellant's position that her father and mother, Fred and Lottie Sparkman, acquired title to the real property by adverse possession prior to 1939. Fred Sparkman is now deceased. Appellee filed a counterclaim to quiet title based upon a Warranty Deed from Consolidated Land Company dated March 21, 1946.
The Sparkmans built a house on the property and maintained a "family" garden for growing vegetables and sugar cane. The record indicates that approximately two acres of the nine acres in question were substantially occupied by the house and fenced-in garden. The case was tried by the court without a jury. Appellee introduced into evidence, over the objection of appellant, a document dated November 20, 1929, purported to have been signed by Fred Sparkman in the presence of two witnesses who also signed. Both witnesses are deceased. This document expressly provided that Sparkman was occupying the land under a tenancy at will as to the owner, Consolidated Land Company. The document was introduced through the testimony of one Patricia Lagoni, who was identified as the secretary and assistant treasurer and corporate secretary in charge of land development of Consolidated-Tomaka Land Company, formerly Consolidated Land Company. Ms. Lagoni testified that the document in question had been located among the corporate records of the corporation and that she had been employed by the corporation for twenty-seven and one-half years.
It is elementary that before any writing may be admitted into evidence its authenticity must be preliminarily proven by direct or circumstantial evidence. DeLong v. Williams, 232 So.2d 246 (Fla. 4th DCA 1970). Under current Florida law execution of a private writing may be proved by any competent evidence. Windle v. Sebold, 241 So.2d 165 (Fla. 4th DCA 1970). A seeming exception to the usual requirements for authentication exists where the writing has been in existence for many years and is unsuspicious in appearance and has been produced from a place of custody natural for such a document. McCormick on Evidence, § 223. Florida apparently recognized this exception in the early case of Sullivan v. Richardson, 33 Fla. 1, 14 So. 692 (1894). In applying the rule, our Supreme Court, in Clark v. Cochran, 79 Fla. 794, 85 So. 250 (1920), stressed the fact that the documents there in issue "came from a place where they would naturally be found if genuine ... and there is no evidence of fraud or suspicious circumstances." In Drake v. City of Fort Lauderdale, 227 So.2d 709, (Fla. 4th DCA 1969) we held proper the admission into evidence as an ancient document of a map which appeared to be regular on its face, bore a date resembling the rest of the document, and appeared to have been over thirty years of age, noting that the map came from proper custody. We have not found a Florida case holding that the ancient documents rule sufficient to authenticate a document and thus to warrant its admissibility also acts as an exception to the hearsay rule, as it does in a majority of the jurisdictions which have considered the question. Since the Florida Evidence Code, which took effect on July 1, 1979 and is therefore not applicable to this case, resolves the problem for litigants and their counsel, we hold for purposes of this appeal that the document in question, being an ancient document, qualifies as an exception to the hearsay rule and is therefore admissible to prove the truth of the matters asserted in the instrument to the effect that Fred Sparkman was a tenant at will.
It is clear then that the possession began as a tenancy at will. This placed the burden on appellant to show a termination of the voluntary nature of the tenancy, "for the law presumes that once a man goes into possession as a tenant, the relationship continues *712 until the contrary is made to appear." Little v. Kendrick, 152 Fla. 720, 12 So.2d 899, 900 (1943). The tenant's disclaimer and disavowal of the landlord's title must be conveyed to the landlord by clear, positive and distinct notice. Armstrong v. Wilcox, 57 Fla. 30, 49 So. 41 (1909). There was no evidence that appellant's predecessors in title took any action to change the voluntary nature of the tenancy, or to put the landlord on notice that the tenancy was other than a permissive tenancy at will.
The certificate evidencing a tenancy at will referred to two acres of land, so that the question of title to the remaining seven acres is not put to rest by the foregoing analysis. In order to acquire title to land by adverse possession, the use of the land of another for the prescribed period must meet the following criteria:
1. It must be actual, continuous and uninterrupted;
2. It must be adverse under a claim of right; and
3. It must either be with the knowledge of the owner of the land or it must be so open, notorious and visible that notice of possession may be imputed to the owner.
We note that the law applicable here is Section 2936 of the Revised General Statutes (1920), since the operative possession occurred prior to 1939, at which time the statutory law was changed to require that one who claimed by adverse possession must have paid real property taxes during the period of adverse possession. That requirement does not apply here.
It was incumbent upon appellant to show either substantial enclosure of the property or usual cultivation or improvement. This requirement was imposed by Section 2936(2) of Revised General Statutes of 1920. What constitutes a substantial enclosure is a question for the trier of fact. Wilson v. Tanner, 346 So.2d 1077 (Fla. 1st DCA 1977). The record is devoid of evidence of any enclosure except the small fence on the two-acre parcel. The same may be said of cultivation of the land. The trial court determined that appellant failed to meet the burden imposed by these requirements. There is nothing in the record to indicate that this Court should disturb the trial court's finding in that regard.
We therefore affirm.
AFFIRMED.
LETTS and HURLEY, JJ., concur.