492 So.2d 802 (1986)
Beverly Jean ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. BE-322.
District Court of Appeal of Florida, First District.
August 11, 1986.
*803 Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Beverly Jean Allen, convicted by a jury of first degree murder and armed robbery, appeals her conviction and sentence. The sole ground for reversal is alleged error of the trial court in admitting into evidence, without proper authentication, a transcript of appellant's tape-recorded confession, in the absence of the tape recording itself which was lost by the state. Finding no reversible error, we affirm.
Appellant maintains that while a written transcript of her tape-recorded confession would be admissible as secondary evidence under the Florida Evidence Code, section 90.954(1), Florida Statutes (1981), if the tape itself (as the best evidence, section 90.952, Florida Statutes (1981)) was lost or destroyed, the transcript in this case was not admissible because its authenticity was never established as required under the code, section 90.901. We find several grounds for our decision adverse to appellant.
First, our review of the trial record discloses that the specific ground urged here, lack of authentication, was not raised below. Instead, the objections below focused on the state's allegedly inadequate showing of a diligent search for the lost tape. The specific basis for reversal argued here not having been asserted as a legal ground for the objection to admissibility below, the point has not been preserved for appeal. Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982).
Secondly, even if the objections below could be viewed as suggesting, even remotely, the absence of proper authentication, appellant's argument would fail. Officers White and Waas, both of whom testified at the trial, were present during and participated in the tape-recorded confession. Their testimony, taken as a whole, sufficiently established that the typed transcript completely and accurately reflected the incriminating statements made by appellant a few hours after the homicide was discovered. Both claimed an independent knowledge and recollection of the events of the crime as revealed by appellant. Although the transcript did contain in several places the stenographer's insertion of the phrase "unable to understand," it is obvious from the testimony of the officers and the veteran sheriff's department stenographer who typed it, as well as from the context in which these insertions appear, that the accuracy of the transcript was not materially affected.
The test for authentication under the code is whether the evidence is "sufficient to support a finding that the matter in question is what its proponent claims." § 90.901, Fla. Stat. (1981). Further, in determining whether the evidence is sufficient for this purpose "the trial judge must evaluate each instance on its own merits, there being no specific list of requirements for such a determination." Justus v. State, 438 So.2d 358, 365 (Fla. 1983). And, unless "clearly erroneous," the trial court's determination must stand. Id. at 365. We find the circumstances here distinctly different from those in Duggan v. State, 189 So.2d 890 (Fla. 1st DCA 1966), in which the only witness concerning the transcription offered in evidence was a court reporter, who made the transcript from a recording, but was not present when the recording was made, and had no independent knowledge of what was actually said.
Finally, we note that the transcript was essentially cumulative evidence. The *804 testimony of both officers reflects their independent recollection of the confession. In addition, a non-law-enforcement witness testified that shortly after the occurrence of the crime appellant came to his house seeming nervous, then appeared to be crying, then admitted she shot the victim and placed in his possession a .22 caliber pistol which he later turned over to the authorities. No reversible error having been shown, the convictions and sentences appealed are,
AFFIRMED.
BOOTH, C.J., and WENTWORTH, J., concur.