DANAHY, Acting Chief Judge,
dissenting.
I respectfully dissent. To reverse in this case, the majority has leapfrogged over square one in order to proceed to square two (the circumstances surrounding statements made by the appellee at the Palmetto Police Department in Manatee County) and then to square three (the circumstances surrounding the discovery of a gun under the mattress of the appellee’s bed at the apartment shared by the appellee and his mother).
At square one is the holding of the trial judge, which is not in doubt. The trial judge said “[Mr. Brown] was in the custody of the Palmetto Police Department, effectively, from the time he left Lakewood High School [in St. Petersburg]. Therefore, none of the statements can be allowed. The court will grant the motion [to suppress].” In the written order of suppression, the trial judge declared that all statements, admissions or confessions made by the appellee to law enforcement officers at the Palmetto Police Department were obtained through “coercive and improper methods.” That reference clearly was to the finding of an illegal arrest of the appellee at Lakewood High School.
The trial judge’s ruling on a motion to suppress comes to this court with a presumption of correctness and the evidence and inferences capable of being drawn therefrom must be viewed in a light most favorable to the appellee. McNamara v. State, 357 So.2d 410 (Fla.1978); State v. Kibbee, 513 So.2d 256 (Fla. 2d DCA 1987). That rule should be applied to this case and the decision of the trial judge upheld.
The majority proceeds through a reverse analysis starting from the voluntariness of *1060 the appellee’s statements to the propriety of the search of his mother’s apartment and ends with a discussion of the appellee’s arrest, conceding that the appellee was effectively under arrest when confronted by the Manatee police officer at Lakewood High School. Then the majority implies that the issue of the legality of the arrest was somehow waived because not argued before the trial judge, although it was a basis for the motion to suppress and was ruled upon by the trial judge. Nevertheless, the majority says that if that issue were before this court, it would uphold the arrest as a proper citizen’s arrest notwithstanding the fact that the state never argued before the trial judge, and has not argued to this court on appeal, that the arrest of the appellee should be upheld as a citizen's arrest.
From the standpoint of the appellee, the majority is not reluctant to find a waiver for lack of argument below, but from the standpoint of the state, the majority ignores the rule that in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below. Steinhorst v. State, 412 So.2d 332 (Fla.1982). See also Hill v. State, 549 So.2d 179 (Fla.1989); Allen v. State, 492 So.2d 802 (Fla. 1st DCA 1986). I would observe the Steinhorst rule and would not apply the rule of citizen’s arrest in these circumstances.
In this case it is not necessary to leave square one. The trial judge, having found that the appellee was illegally arrested, came to the proper conclusion that all statements and other evidence obtained as a result of that illegal arrest are inadmissible as fruits of the poisonous tree. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); London v. State, 540 So.2d 211 (Fla. 2d DCA 1989); State v. Arnold, 475 So.2d 301 (Fla. 2d DCA 1985). See Delap v. State, 440 So.2d 1242 (Fla.1983).
I would affirm.