617 So.2d 750 (1993)
ITT REAL ESTATE EQUITIES, INC., Appellant,
v.
CHANDLER INSURANCE AGENCY, INC., a Florida corporation, and Judith Chandler, an individual, Appellees.
No. 91-2692.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Charles P. Randall of Charles P. Randall, P.A., Boca Raton, for appellant.
No brief filed by appellee.
PER CURIAM.
ITT Real Estate Equities, Inc., (ITT) appeals an adverse final judgment on its claims for breach of a lease agreement and breach of a guaranty of the lessee's obligations under that lease. The sole issue on appeal is whether the trial court erred in its evidentiary ruling that the documents evidencing the lease and guaranty were inadmissible. The basis for the ruling was that appellant did not produce a witness who could swear that the signatures on the documents were authentic, where that witness had not seen appellee, Judith Chandler, actually signing the documents in her dual capacity as agent of the lessee and as guarantor.
The Florida Evidence Code provides the following: "Authentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." § 90.901, Fla. Stat. (1991). Evidence is authenticated when prima facie evidence is introduced to prove that the proffered evidence is authentic. Garcia v. State, 564 So.2d 124, 126 (Fla. 1990); Erhardt, Florida Evidence § 901.1 (2d ed. 1984). The finding of authenticity does not mean that the trial court has made a finding that the proffered evidence is genuine; rather, it only determines that prima facie evidence of genuineness exists. *751 Id. Once the matter has been admitted, the opposing party then can challenge its genuineness. Id.
The testimony of appellant's senior property manager at the shopping center in question identified the lease agreement and personal guaranty as the original documents contained in his leasing files over which he had control. The property manager simply could not testify that he witnessed the signatures on the documents.
"When a writing is offered against a party, it is authenticated and presumed to be genuine by proof that the party against whom the document is offered has ... acted upon it as being genuine." Erhardt, Florida Evidence § 901.9 at 698 (1992 ed.). It is undisputed in the present case that Chandler Insurance was occupying the premises owned by appellant. Other such evidence that the adverse party acted as though the document was genuine may be proved through statements of that party as well as third parties. Id. See also McCormick, Evidence § 222 at 44 (4th ed. 1992) ("proof of any circumstances which will support a finding that the writing is genuine will suffice to authenticate the writing."). "Evidence that a party acted upon the document as being genuine can be proved both through the testimony of the party and through the admission of third parties." Erhardt, Florida Evidence § 901.9 at 698 (1992 ed.). Accord McCormick, Evidence § 221 at 41-42 (4th ed. 1992). It is undisputed in the present case that Chandler Insurance was occupying the premises owned by appellant.
Authentication by circumstantial evidence has been recognized as permissible. McCormick, Evidence, § 222 at 44 (4th ed. 1992). Cf. Yates v. Bass Ranch, Inc., 379 So.2d 710, 711 (Fla. 4th DCA 1980) (a document's authenticity may be preliminarily proved by either direct or circumstantial evidence). Likewise, evidence may be authenticated by appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances. See Fed.R.Evid. 901(b)(4); see also United States v. Newton, 891 F.2d 944, 947 (1st Cir.1989) (document contained sufficient connections to personally known information to be authentic, and therefore was admissible as party admission); United States v. Ingraham, 832 F.2d 229, 236 (1st Cir.1987) (telephone calls may be authenticated by exclusively circumstantial evidence), cert. denied, 486 U.S. 1009, 108 S.Ct. 1738, 100 L.Ed.2d 202 (1988).
Under the circumstances of this case, we hold that it was an abuse of discretion to exclude the proffered documents from evidence. We therefore reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED.
HERSEY and DELL, JJ., and DOWNEY, JAMES C., Senior Judge, concur.