691 So.2d 620 (1997)
STATE of Florida, Appellant,
v.
Victor E. LOVE, Appellee.
No. 96-1867.
District Court of Appeal of Florida, Fifth District.
April 18, 1997.
*621 Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellant.
No appearance for Appellee.
ANTOON, Judge.
The state appeals the trial court's pretrial order suppressing from evidence a letter purportedly written by the defendant which contains incriminating admissions. We must reverse the suppression order because the trial court erred in concluding that the state failed to establish a prima facie showing of authenticity.
Marvin Monticeux, one of the defendant's two co-defendants, received an unsigned letter in the mail while both he and the defendant were incarcerated in the Orange County jail. The letter made reference to the relationship between the co-defendants, the offenses with which they were charged, and the status of their cases. The letter was replete with details concerning the charges, as well as Monticeux's agreement to cooperate with law enforcement officials. The letter explained to Monticeux that the statements which he and his girlfriend had made to the police led to the defendant's arrest. In imploring Monticeux to change his plea, the letter stated: "You have the opportunity to regain your freedomgive me mine."
The defendant filed a pretrial motion to suppress this letter from evidence. He argued that he had not written the letter and claimed that it had been written by either Marvin Monticeux or Fred Lynn, a man who was incarcerated at the county jail at the same time as Monticeux and the defendant.
At the hearing on the motion, the trial court heard testimony from Monticeux and considered the deposition of Fred Lynn. Monticeux testified that he did not know who wrote the letter and that he did not recognize the handwriting. In his deposition, Lynn swore that he was the author of the letter. According to Lynn, when Monticeux first entered the jail, he was attacked by approximately thirty inmates because a newspaper article had described Monticeux as a "snitch." During the fray, Monticeux dropped a clipping of the article. When Lynn picked it up, he too was attacked. Both men were later removed from the common cell. Monticeux was placed in protective custody, and Lynn was moved to a cell located near the defendant's cell. Lynn said that he had obtained the information set forth in the letter from the newspaper article about the defendant's case, talking to the defendant, and papers that the defendant had showed him. He explained that others, whom he refused to name, also assisted in the dictation of the letter. Interestingly, he could not explain why his signature was not on the letter, could not remember when it was written, and could not recall any specifics regarding the third co-defendant's child, who was referred to in the letter by a nickname. Lynn testified that he did not know any of the three co-defendants prior to their incarceration. Based upon this evidence, the trial court ruled that the letter could not be admitted.
Section 90.901 of the Florida Statutes (1995)[1] requires authentication or identification of evidence as a condition precedent to its admission as evidence. Prima facie evidence must be introduced in order to prove that the evidence is authentic. ITT Real Estate Equities, Inc. v. Chandler Insurance Agency, Inc., 617 So.2d 750, 750-51 (Fla. 4th DCA 1993). In order to set forth a prima facie case of authenticity, the proponent of the evidence can utilize both direct and circumstantial evidence. Yates v. Bass Ranch, Inc., 379 So.2d 710 (Fla. 4th DCA 1980). Evidence may be authenticated by appearance, contents, substance, internal patterns, or other distinctive characteristics taken in conjunction with the circumstances. Circumstances recognized as sufficient to meet the test of authenticity include when a letter is written disclosing information which is likely known only to the purported author. *622 ITT Real Estate Equities v. Chandler Insurance Agency, Inc., 617 So.2d at 751.
The state acknowledges that evidence must be authenticated before it is admitted, but argues that the state had sustained its burden of proving authentication through the introduction of both the testimony of Monticeux and the letter. The state contends that, by suppressing the letter from evidence, the trial court went beyond its role of determining whether the state had established a prima facie case of authenticity and impermissibly ruled upon the genuineness or veracity of the letter. The state argues that the final decision regarding genuineness is within the province of the jury and that the trial court's responsibility must end with a determination whether the facts support a finding of authenticity. We agree.
The six-page letter at issue here contained specific details concerning the crime, the relationship between the co-defendants, incriminating evidence, and a proposed plan to fabricate testimony. This information was likely known only by the three co-defendants. The letter is written mostly in the first person and, in addition to the excerpts referred to above, the letter contained: (a) a reference to a January 3 conversation that the defendant had with Monticeux; (b) a discussion of the charges against the defendant and Monticeux; (c) a claim that "Coop," the third defendant, had copped out; (d) a warning not to speak with law enforcement; (e) a description of the statements made by Monticeux implicating the defendant; (f) a proposed plan for Monticeux to withdraw his original statement given to the police and for him and his girlfriend to falsely state that they did not know the defendant; (g) a request that Monticeux tell his attorney, "You don't know me as Vic Lovemake something up;" (h) an accusation that "Coop," the third co-defendant, is a liar; (i) a request that Monticeux cooperate, saying, "Just put yourself in my shoes;" (j) a request to "make a bad situation better," stating, "I need for you to write me back to confirm my letter to protect all people involved. As you well know, I'm the realest of the real and I'll never betray you. All I want is a fair chance;" (k) a description of the evidence against the co-defendants; and (l) a reference to Monticeux's 17-year-old girlfriend, "Juvi."
The trial court has great latitude in determining whether a proponent of evidence has met the burden of establishing a prima facie case of authenticity. However, in the instant case, it was erroneous for the trial court to exclude the letter because there was prima facie evidence that the defendant, or someone acting as his scribe, penned the letter. Accordingly, we reverse the trial court's suppression order and remand this matter to the trial court for further proceedings.
REVERSED and REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] 90.901 Requirement of authentication or identification. Authentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.