HARRIS, Judge.
Fernando Perez was convicted of armed burglary with a firearm. He appeals; we affirm.
When Perez learned that the police were looking for him in connection with the burglary, he turned himself in and gave a tape recorded statement admitting his participation in the offense. The tape was transcribed, but prior to trial was inadvertently lost. The transcribed statement was admitted into evidence and read to the jury. Perez asserts as error the claim that the transcribed statement was not properly authenticated. We disagree. The officer who took the statement testified that he delivered the tape to his secretary who transcribed the tape. His testimony was that his practice was to review the transcription to assure that it was accurate and that he believed, but could not remember specifically, that he did so in this case. He further testified that he believed that the transcription was accurate. The secretary testified that she took the tape and accurately transcribed what she heard on it. We believe that this testimony meets the test of authentication as set out in section 90.901, Florida Statutes, and was sufficient, if believed by the jury, to show that “the matter in question is what its proponent claims.”
The relevant portion of the statement is as follows:
Q. You know why, you know why we want to talk to you; right?
A. Right.
Q. About the Easy Pawn break in. The involvement was in that.
A. All right, I’ll be honest. I was involved inaudible. I was involved in what of most happened.
Q. You were involved ?
*368 A. Yeah, in most of what happened.
Q. Why don’t you tell me what your involvement was. What role did you play?
A. The role I played, I’m the one who drove the car through the pawnshop myself, okay.
Q. What did you have on your hand when you did that?
A. I had some socks on my hands.
Q. What did you have on your face when you walked in?
A. A hat, scull cap, and a bandanna covering myself.
Q. Tell me what happened when you got inside.
A. I drove the guys to town what they wanted and I went there and got what I could have and get out.
Q. What did you take?
A. What I took was, all I took was two guns. That’s it.
In Allen v. State, 492 So.2d 802 (Fla. 1st DCA 1986), the court affirmed the admission of a transcription of a lost tape holding:
Officers White and Waas, both of whom testified at the trial, were present during and participated in the tape-recorded confession. Their testimony, taken as a whole, sufficiently established that the typed transcript completely and accurately reflected the incriminating statements made by Appellant a few hours after the homicide was discovered. Both claimed an independent knowledge and recollection of the events of the crime as revealed by appellant. Although the transcript did contain in several places the stenographer’s insertion of the phrase “unable to understand,” it is obvious from the testimony of the officers and the veteran sheriffs department stenographer who typed it, as well as from the context in which these insertions appear, that the accuracy of the transcript was not materially affected.
Likewise, it is apparent from that portion of the statement reproduced above, that the “inaudible” reference did not in any way affect the accuracy of the statement.
Perez also complains that the judge permitted evidence to be introduced that indicated that the ear he drove through the pawnshop window was stolen. The trial court ruled that such evidence was relevant because it was probative of intent. It would indicate that the car was not driven “acci-dently” through the pawnshop. Further, the fact that the car was stolen was intertwined in the scenario of the charged offense and was part of an ongoing criminal episode. We find no error.
AFFIRMED.
COBB and PETERSON, JJ., concur.