GROSS, J.
Charles MacDonald timely appeals a provision in an order on shelter review prohibiting any contact between his paramour and his minor son. We affirm because we find that MacDonald failed to preserve this issue for appellate review.
A discussion between counsel, MacDonald, and the court at the shelter review hearing demonstrates that this issue has not been preserved:
Department: The next issue just given the fact that you’ve ruled that the child may return to the dad and to Maryland immediately, that the dad to be directed that no contact whatsoever, direct or indirect, obviously, with [the paramour].
Court: That motion is granted without argument or request. The recommendation is granted without argument.
Defense Counsel: That’s fíne.
Court: And when I say no contact, and I’m going to enter a written order on that, that’s no contact directly, indirectly, no phone calls, no cards, nothing.
Father: There hasn’t been, your Hon- or.
Court: That’s the order of the court, What’s the next issue?
(Emphasis added). Both the father’s trial counsel, and the father, spoke up and gave no indication that they objected to the trial court’s no contact order.
It is well-settled that, absent a fundamental error, a party must object and obtain a ruling from the trial court in order to preserve an issue for appellate review. See Carratelli v. State, 832 So.2d 850, 856 (Fla. 4th DCA 2002) (and cases cited therein); Lacey v. State, 831 So.2d 1267, 1268 (Fla. 4th DCA 2002)(“[I]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.”) (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)); Ramos v. State, 798 So.2d 4, 5 (Fla. 4th DCA 2001) (en banc) (party alleging error must make contemporaneous ob *1272 jection with sufficient specificity “to apprise the trial court of the putative error”) (quoting Williams v. State, 414 So.2d 509, 511 (Fla.1982)).
AFFIRMED.
GUNTHER and KLEIN, JJ., concur.