SHEPHERD, J.
 

 The State appeals from an order excluding in limine certain photographic and documentary evidence, which the State argues is relevant to the prosecution of the defendant, Raymond Lumarque, on pending charges of burglary with assault or battery, kidnapping, misdemeanor battery and sexual battery without serious injury, all arising out of an alleged incident involving his ex-wife. We have jurisdiction.
 
 See State v. Palmore,
 
 495 So.2d 1170, 1171 (Fla.1986). The State also seeks certiorari relief from a trial court order declining the State permission to introduce into evidence an alleged prior incident involving the couple while their divorce was pending, which the State contends is admissible Williams Rule evidence.
 
 See Williams v. State,
 
 110 So.2d 654 (Fla. 3d DCA 1959).
 

 We summarily deny the State’s petition for certiorari without discussion. On the appeal, we conclude the trial court abused its discretion by concluding that exhibits 5-9 and 11-15 are not admissible in the trial of this case. The State sought to admit into evidence two sexually suggestive images and eleven text messages between the ex-wife and a boyfriend, found on the defendant’s cellular telephone. The ex-wife testified that prior to the assault by the defendant, he showed her the two images and one of the text messages. There also is evidence in the record from which one might infer the defendant examined the ex-wife’s cellular telephone on the morning or afternoon before the alleged incident when he was alone in the house for a brief period after returning their children back to his ex-wife’s home.
 

 At an in limine hearing, the trial court found the two images and one text message the ex-wife testified to admissible, but concluded the remaining exhibits inadmissible as the ex-wife could not authenticate them. The court erred. The images and text messages were found on the defendant’s cellular telephone, seized pursuant
 
 *173
 
 to a search of the defendant’s home through a warrant shortly after the alleged incident. This fact, testified by the State’s forensics expert, is sufficient to authenticate these exhibits.
 
 U.S. v. Caldwell,
 
 776 F.2d 989, 1001-02 (11th Cir.1985) (holding that authentication of evidence merely requires a finding that the evidence is what it purports to be). It also is immaterial that the ex-wife could not identify each of the messages being shown to her on the night of the incident. Regardless how these images and text messages might have found their way onto the defendant’s cellular telephone, the State has presented sufficient evidence at this stage that these exhibits constitute evidence of motive.
 
 Craig v. State,
 
 510 So.2d 857, 863 (Fla.1987) (stating that evidence of motive is admissible when it would help the jury understand other evidence). Accordingly, they are admissible into evidence at the trial of this case upon the State laying the proper predicates as indicated by this opinion. In all other respects, we summarily affirm the order on appeal.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.