MAY, C.J.
The defendant appeals his conviction and sentence for First Degree Murder with a Firearm While Wearing a Mask (count I) and Robbery with a Deadly Weapon (count II). He raises a single issue: whether the trial court erred in admitting photographs of text messages from the defendant’s phone. We find no error and affirm.
The charges arose from the following facts. Three masked individuals armed with firearms entered a convenience store. The individuals robbed the store’s owner and shot him four times. The victim died on the scene. A customer, who hid in the back aisle after the robbers entered, called 911.
Another witness driving by saw a dark colored Impala with all the doors open except the driver’s side door. She then saw three males, dressed in black, run through an empty lot and jump into the Impala before it sped off. Her husband called police and reported the incident. Later that day, law enforcement transported the witness to a site where she identified the Impala.
The Impala had been spotted by law enforcement as a result of canvassing the area. When the vehicle was found, a detective and other officers joined the deputy at the location and conducted a search of the house where the vehicle had been parked. The detective found a mask in a garbage can close to the road.
The homeowner accompanied law enforcement to the police station where he was interviewed. The homeowner explained that he shared the Impala with his sister, who turned out to be the getaway driver. On the morning of the shooting, the defendant, his cousin, and another friend came by the sister’s apartment and asked her to take them to a store.
As they drove past the convenience store, the friend indicated the store had a lot of money in it. In fact, the defendant, the friend, and the driver had discussed robbing the store for three weeks. The friend had been scoping out the store and led the discussions about robbing the store.
The friend asked the driver to go inside to see who was there. When she returned from inside the store, she found the friend driving her car, and informed him of whom she saw inside. The friend parked the car in the grassy area on the side of the store. The three men ran out of the car towards the store. The driver saw a “long object” in the defendant’s hand and over his shoulder.
The driver drove off, but then received a call from the defendant asking her whereabouts. At that moment, the three men saw her and ran into her car. She drove them back to her apartment complex where the men got in the friend’s car.
She drove the Impala to her mother’s house where they had agreed to meet, and parked it on the side. Shortly afterward, the friend, the defendant, and his cousin showed up in front of the house. When she came outside, the friend was out of the car walking away from the trash can. The defendant and friend asked her to rent them a car for the week.
The driver texted the defendant while they were both on the way to rent a ear and later that evening.
*183 The driver was arrested just after midnight; the defendant and friend were arrested a week later. A detective recovered a cell phone from the defendant when he was taken into custody. A different detective executed a search warrant on the cell phone. He and one of the investigators took photographs of the text messages discovered on the phone.
At trial, the State sought to introduce the photographs, but defense counsel objected on authentication grounds. The defendant conducted voir dire on the photographs and argued that there was no showing by the State that it was the defendant’s phone. The court overruled the objection and admitted the photographs.
The defendant testified and presented an entirely different version of the facts. The jury returned a guilty verdict on both counts. The defendant now appeals his conviction and sentence.
The defendant argues a single issue: the trial court abused its discretion in allowing the State to introduce photographs of text messages. The defendant argues that the photographs were inadmissible hearsay and constituted harmful error. The State responds there was no error in admitting the images because they were satisfactorily authenticated, relevant, and not hearsay.
We review trial court decisions on the admission of evidence for an abuse of discretion. Cooper v. State, 45 So.3d 490, 492 (Fla. 4th DCA 2010).
Section 90.901 addresses the authentication of evidence. It provides, “Authentication ... of evidence ... [is] satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” § 90.901, Fla. Stat. (2009). “Further, in determining whether the evidence is sufficient for this purpose ‘the trial judge must evaluate each instance on its own merits, there being no specific list of requirements for such a determination.’ ” Allen v. State, 492 So.2d 802, 803 (Fla. 1st DCA 1986) (quoting Justus v. State, 438 So.2d 358, 365 (Fla.1983)).
“Evidence may be authenticated by appearance, content, substance, internal patterns, or other distinctive characteristics taken in conjunction with the circumstances. In addition, the evidence may be authenticated either by using extrinsic evidence, or by showing that it meets the requirements for self-authentication.” Jackson v. State, 979 So.2d 1153, 1154 (Fla. 5th DCA 2008). “And, unless ‘clearly erroneous,’ the trial court’s determination must stand.” Allen, 492 So.2d at 803 (quoting Justus, 438 So.2d at 365).
Admissions of a party are generally admissible hearsay. § 90.803(18), Fla. Stat. (2009); see also Hall v. State, 92 So.3d 223, 227 (Fla. 4th DCA 2012).
Here, the driver testified that she texted the defendant when they were sitting next to each other in the car, and later after she was separated from the three men. A detective recovered the cell phone from the defendant, and later executed a search warrant on the cell phone. The investigators took photographs of those messages. The driver identified the text messages between her and the defendant, and discussed the context of the messages.
The extrinsic evidence offered by the State, as well as the circumstances surrounding the procurement of the phone and pictures, is sufficient to show that the matter in question is genuinely what the State claims — pictures of the defendant’s text messages to the driver. We find no error in the admission of the photographs. The text messages were authenticated and constitute admissible hearsay evidence because they were admissions, or the defen *184 dant’s own statements offered against him. § 90.803(18), Fla. Stat. (2009).
Regardless, under the harmless error test, the State must “prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). We have reviewed the evidence and have no doubt that the claimed error was harmless in light of the driver’s testimony that the defendant confessed to shooting the victim.
We affirm the conviction and sentence.

Affirmed.

STEVENSON and LEVINE, JJ., concur.