DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JORGE TORRES,**
Appellee.

No. 4D20-225

[October 7, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. 18-006000 CF10A.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellant.

Rachel Kuhl of Musca Law, Fort Lauderdale, for appellee.

SCHOSBERG FEUER, SAMANTHA, Associate Judge.

In this appeal of an order granting a defense motion in limine to exclude certain evidence, the State argues that the trial court improperly excluded screenshots of text messages received by a sexual assault victim based on a lack of proper authentication. We hold the messages were sufficiently authenticated and should not have been excluded by the trial court, and therefore reverse the order below. The other issues raised on appeal we find without merit.

The State charged the Defendant with sex offenses arising from the sexual molestation of his minor cousin, which took place when the Defendant was about 30 years old and the victim was about 12 years old. The victim testified that when she was 14 or 15 years old, she began receiving text messages from a person she believed to be the Defendant. The content of the messages was mostly sexual. She received these messages on her cell phone for over a year through a social media and messaging application called "Kik." The victim took screenshots of some of the messages with the idea she might report the abuse when she was older.

The victim acknowledged that the sender's profile picture did not show the Defendant, but testified she could tell that the Defendant was the sender because of the messages' content. The sender identified himself by using a screen name that was a nickname the Defendant's family members used for him. Significantly, the text messages referenced information known only to the victim and the Defendant, such as a sexual encounter with the victim by a pool and a watch the Defendant had given the victim as a gift. The content of the messages also pointed to the Defendant as the sender because he identified himself as the victim's cousin, indicated he was much older than the victim, and, when the victim asked if he was moving to California with "Suzette," the mother of the Defendant's child, he responded, "of course."

When the trial court questioned why the State did not have original documents from the company that operated the Kik application, the State responded that Kik was operated by a Canadian company that would not comply with a subpoena from the United States. The Defendant argued that the text messages contained insufficient evidence connecting the text messages to the Defendant, specifically pointing to the absence of a phone number or identifying name information in the messages. The trial court granted the Defendant's motion in limine and excluded the evidence of the messages primarily based on the State's failure to establish authentication. The State now appeals that determination.

The standard of review for a trial court's determination regarding authentication of evidence is abuse of discretion. *Mullens v. State*, 197 So. 3d 16, 25 (Fla. 2016) (citing *Coday v. State*, 946 So. 2d 988, 1000 (Fla. 2006)). "Authentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." § 90.901, Fla. Stat. (2019). This court has recognized that the ultimate determination of the authenticity of evidence is a question for the fact-finder, and that "authentication for the purpose of admission is a relatively low threshold that only requires a prima facie showing that the proffered evidence is authentic." *Lamb v. State*, 246 So. 3d 400, 408 (Fla. 4th DCA 2018) (quoting *Mullens*, 197 So. 3d at 25). "In determining whether the evidence submitted is sufficient for this purpose, the trial judge must evaluate each instance on its own merits, there being no specific list of requirements for such a determination." *Justus v. State*, 438 So. 2d 358, 365 (Fla. 1983); *see also Symonette v. State*, 100 So. 3d 180, 183 (Fla. 4th DCA 2012). "Evidence may be authenticated by appearance, content, substance, internal patterns, or other distinctive characteristics taken in conjunction with the

circumstances. In addition, the evidence may be authenticated either by using extrinsic evidence, or by showing that it meets the requirements for self-authentication." *Lamb*, 246 So. 3d at 408 (quoting *Symonette*, 100 So. 3d at 180).

The case law regarding authentication of electronic communications is evolving. "Testimony that a person received a text or e-mail from another is not sufficient, by itself, to authenticate the identity of the sender." Charles W. Ehrhardt, *Florida Evidence* § 901.1a, at (2020 ed.). However, other factors can circumstantially authenticate such messages. *Id. See, e.g.*, *United States v. Siddiqui*, 235 F.3d 1318, 1322–23 (11th Cir. 2000) (finding that a number of factors supported the authenticity of the e-mail: the e-mail bore the defendant's address and when the witness replied to the e-mail the "reply function" of the witness's e-mail system automatically put the defendant's address as the sender; the context of the e-mail showed details of the defendant's conduct and an apology that correlated to the defendant's conduct; and the e-mail referred to the author by the defendant's nickname and the witnesses confirmed that in phone conversations the defendant made the same requests as in the e-mails); *Pavlovich v. State*, 6 N.E.3d 969, 978–79 (Ind. Ct. App. 2014) (finding text messages properly authenticated by circumstantial evidence by a witness who confirmed that the 2662 number was used to arrange a meeting with the defendant; that the witness recognized the defendant's voice on the outgoing voicemail when she called the 2662 number; and that the messages from the 2662 number indicated familiarity with the witness' escort business, the prior meeting between the witness and defendant and their prior discussion).

This court in *Symonette* addressed the admissibility in a murder trial of photos of text messages where the cell phone was recovered from the defendant. 100 So. 3d at 183. A search warrant for the phone had been issued and executed, revealing said text messages, and a witness further identified the messages as those sent between her and the defendant, some of which she testified were sent while they were sitting together in the same vehicle. *Id.* This court concluded, "The extrinsic evidence offered by the State, as well as the circumstances surrounding the procurement of the phone and pictures, is sufficient to show that the matter in question is genuinely what the State claims—pictures of the defendant's text messages to the driver." *Id.* Similarly, in *State v. Lumarque*, 44 So. 3d 171, 172–73 (Fla. 3d DCA 2010), the court held that text messages and photos were properly authenticated when the State's forensic expert testified that they were found on the defendant's phone, which was seized during a lawful search of the defendant's home shortly after the incident.

Even when messages are not obtained directly from the sender's phone, electronic communications, like other traditional communications, "may be authenticated by appearance, contents, substance, internal patterns, or other distinctive characteristics taken in conjunction with the circumstances." *State v. Love*, 691 So. 2d 620, 621 (Fla. 5th DCA 1997). *See also Walker v. Harley-Anderson*, 4D19-2216 (Fla. 4th DCA Sept. 9, 2020).

Just as a letter that has been received, an e-mail or text may be circumstantially authenticated by its contents or the fact that it was in reply to an e-mail sent by the recipient. *See* Ehrhardt, *Florida Evidence* § 901.1a. In a recent opinion involving a video found posted on the defendant's Facebook page, we explained that evidence can be authenticated even if the State does not "call the creator" of the evidence or search the device which was used to create the evidence. *See Lamb*, 246 So. 3d at 409 (finding that "if the video's distinctive characteristics and content, in conjunction with circumstantial evidence, are sufficient to authenticate the video, then the government has met its authentication burden").

Circumstances that have supported authenticity "include when a letter is written disclosing information which is likely known only to the purported author." *Love*, 691 So. 2d at 621. In *Love*, the letter "contained specific details concerning the crime, the relationship between the co-defendants, incriminating evidence, and a proposed plan to fabricate testimony. This information was likely known only by the three co-defendants." *Id.* at 622. The court cited other details in the letter and concluded the trial court erred by excluding the letter because there was prima facie evidence that the defendant or someone acting on the defendant's behalf had written it. *Id.*

In *Gosciminski v. State*, 132 So. 3d 678, 700 (Fla. 2013), the Florida Supreme Court addressed the authentication of a Walgreens receipt, which the defendant had challenged because it lacked any information regarding the cash register, cashier, or transaction number. The trial court found the receipt admissible "because it was printed on paper with a distinctive green Walgreens logo watermark, the Walgreens' return policy was printed on the back of the receipt, the front of the receipt showed no evidence of tampering, and the time and date-stamp matched [the witness's] account" of the purchase. *Id.* The supreme court agreed, holding that "[t]hese distinctive characteristics of the receipt in conjunction with the other circumstances, i.e., the trail of documentary evidence that supported [the witness's] testimony . . . , were adequate authentication." *Id.*

In this case, the victim identified the Defendant as the sender of the messages based on his extensive history of texting the victim through the Kik application, the nickname he used as his screen name and the content of the messages which referenced facts known only to the defendant and the victim, such as the pool incident and the gifted watch. Further, the sender of the text messages repeatedly referred to his age as an issue, consistent with the Defendant being around 30 years old while the victim was 11 or 12. The victim also asked the Defendant whether he was moving to California with "Suzette" and he replied "of course." The victim testified that "Suzette" is the mother of the Defendant's child.

Considering the contents and distinctive characteristics of the messages, "taken in conjunction with the circumstances," *Love*, 691 So. 2d at 622, we find the State's evidence satisfied the "prima facie showing" required to authenticate the Kik messages as having been authored by the Defendant, *Mullens*, 197 So. 3d at 25, and hold that the trial court abused its discretion by excluding them. We further note that no evidence was presented indicating the victim had tampered with the evidence, and any argument that the victim fabricated the messages will thus go to the weight of the evidence, not its admissibility. *See Lamb*, 246 So. 3d at 408. Accordingly, we reverse the trial court's order and remand this case for further proceedings.

*Reversed and remanded for further proceedings.*

GROSS and ARTAU, JJ. concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***