# Third District Court of Appeal
## State of Florida

Opinion filed February 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1769
Lower Tribunal No. F15-23920
_____

**Lawyer Stanley, Jr.,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Law Office of W. Charles Fletcher, and W. Charles Fletcher (Jacksonville), for appellant.

James Uthmeier, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before SCALES, C.J., and FERNANDEZ and MILLER, JJ.

PER CURIAM.

Affirmed.  See Strickland v. Washington, 466 U.S. 668, 687 (1984) (noting that to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that both: (1) "counsel's performance was deficient" which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable"); Muhammad v. State, 603 So. 2d 488, 489 (Fla. 1992) (concluding defendant's claim of ineffective assistance of counsel was "procedurally barred" because "the issue was already raised and rejected on direct appeal"); Nelson v. State, 875 So. 2d 579, 583 (Fla. 2004) ("That a witness would have been available to testify at trial is integral to the prejudice allegations.  If a witness would not have been available to testify at trial, then the defendant will not be able to establish deficient performance or prejudice from counsel's failure to call, interview, or investigate that witness."); State v. Torres, 304 So. 3d 781, 784 (Fla. 4th DCA 2020) ("Even when messages are not obtained directly from the sender's phone, electronic communications, like other traditional communications, 'may be authenticated by appearance, contents, substance, internal patterns, or

other distinctive characteristics taken in conjunction with the circumstances.'"

(quoting State v. Love, 691 So. 2d 620, 621 (Fla. 5th DCA 1997))).