# Third District Court of Appeal

## State of Florida

Opinion filed March 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2173
Lower Tribunal No. 24-10396-FC-04
_____

**Payton Latario Rolle,**
Appellant,

vs.

**Viergena Katia Joseph,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Elisabeth Espinosa Marin, Judge.

Payton Latario Rolle, in proper person.

Sara Young Hodges, Chief Appellate Counsel (Tallahassee), for appellee.

Before GORDO, BOKOR and GOODEN, JJ.

PER CURIAM.

Payton Latario Rolle appeals a final judgment and permanent injunction for protection against stalking. Rolle argues that much of the key evidence constituted improper hearsay or was otherwise improperly considered by the trial court. Rolle argues that without such improperly admitted evidence, the trial court had no basis to enter the permanent injunction. Based on a thorough review, we affirm.

We generally review evidentiary rulings for abuse of discretion. See Walker v. Harley-Anderson, 301 So. 3d 299, 301 (Fla. 4th DCA 2020) ("Review of a trial court's determination regarding the authentication of evidence is for an abuse of discretion."). And we review "[t]he trial court's order granting a permanent injunction . . . for competent substantial evidence" but we review de novo "the question of whether the evidence is legally sufficient to justify imposing an injunction." Sutton v. Fowler, 332 So. 3d 1001, 1004 (Fla. 4th DCA 2021) (quotations omitted).

As a threshold matter, many of the objections Rolle raises in his appeal were not preserved by contemporaneous objection. Overton v. State, 976 So. 2d 536, 547 (Fla. 2007) ("To preserve error for appellate review, the general rule requires that a contemporaneous, specific objection occur at the time of the alleged error."). In examining the main, preserved objection to the introduction of text messages, the trial court correctly overruled Rolle's

2

objection to the authenticity of the messages. "Circumstances recognized as sufficient to meet the test of authenticity include when a letter is written disclosing information which is likely known only to the purported author." State v. Love, 691 So. 2d 620, 621 (Fla. 5th DCA 1997). Here, the trial court did not abuse its discretion in admitting the text messages because the information contained therein was known only to Rolle. To the extent Rolle challenges that he sent the messages, the trial court correctly stated on the record that such matters are better addressed by cross examination (or the presentation of contradictory testimony).[1]

Rolle also claims that the trial court erred in considering matters that occurred after the time of the alleged stalking. But a review of the transcript shows that the trial court sustained the objections pertaining to such evidence. Because the trial court did not abuse its discretion in admitting evidence, and because the record contains multiple instances of harassment

---

[1] To the extent the objection to some of the messages was based on hearsay, the trial court did not rule on such objection, and the issue is therefore not preserved for review. MacDonald v. Dep't of Child. & Fams., 855 So. 2d 1270, 1271 (Fla. 4th DCA 2003) ("[A]bsent a fundamental error, a party must object and obtain a ruling from the trial court in order to preserve an issue for appellate review.").

and stalking as defined by statute, we affirm. <u>See</u> <u>Paylan v. Statton</u>, 376 So.

3d 822, 825 (Fla. 2d DCA 2023); § 784.048(2), Fla. Stat.

Affirmed.