652 So.2d 458 (1995)
Larry Russell GAINES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3105.
District Court of Appeal of Florida, Fourth District.
March 22, 1995.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Asst. Public Defender, West Palm Beach, for appellant.
*459 Robert A. Butterworth, Atty. Gen., Tallahassee, and Sharon A. Wood, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Larry Russell Gaines, appellant, was charged by information with sexual battery with a firearm and lewd assault. The jury found appellant guilty of sexual battery (a lesser included offense) and guilty of lewd assault. We affirm the conviction and sentence for sexual battery.
The crime of lewd assault is proscribed by section 800.04(1), Florida Statutes (1991). In its instructions to the jury the trial court, instead of the instructions for lewd assault, read the instruction for an unnatural and lascivious act under section 800.02, Florida Statutes (1991). Appellant did not object to the instructions given.
Where instructions for a different crime from that with which a defendant is charged and convicted are read to the jury, the verdict as to that crime is a nullity. See Moore v. State, 496 So.2d 255 (Fla. 5th DCA 1986). The error is clearly fundamental and requires reversal.
We do not agree with the state's assertion that the failure to give an instruction defining assault was harmless error and would not have been helpful since the appellant's defense was that the incident never occurred. Once the jury determined that the incident did occur, the issue then became whether the conduct rose to the level of an assault. A finding that a defendant committed an unnatural act is not equivalent to a finding that a defendant assaulted the victim (hence the reason one crime is a misdemeanor and one is a felony). Thus, instructing the jury that the state must merely prove that an "act" occurred is not equivalent to instructing the jury that the state must prove assault, which requires proof of intent to threaten violence, ability to carry out the threat, and well-founded fear. Since the jury was not instructed on the requisite elements of proof, defendant's due process rights were violated because he was sentenced for a felony when the jury was only asked to decide whether the proof adduced rose to the level required for a misdemeanor.
Our resolution of this issue moots the sentencing issue also raised by appellant.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, GUNTHER and STEVENSON, JJ., concur.