THOMPSON, J.
We affirm William Morra’s convictions for two counts of sexual activity with a child while in a position of familial or custodial authority[1], and one count of committing a lewd act in the presence of a child.[2]
Morra argues that the court should have excluded testimony that he hit the victim’s mother and put the victim’s head through a headboard because collateral bad acts should not be admitted. See Weitz v. State, 510 So.2d 1060 (Fla. 4th DCA 1987). We think the evidence that Morra had been violent toward the victim and the victim’s mother was relevant in that it tended to show why the victim had not reported the sexual abuse earlier. Cf., Hunter v. State, 660 So.2d 244 (Fla.1995), cert. denied,. 516 U.S. 1128, 116 S.Ct. 946, 133 L.Ed.2d 871 (1996). Morra’s defense was that the victim was upset because of arguments between his mother and Morra only came forward after his friend’s father was arrested for having sexual activity with a member of the family. The evidence was admissible to explain why the victim was afraid of Morra and why the victim delayed in reporting the crime. Hartley v. State, 686 So.2d 1316 (Fla.1996), cert. denied, 522 U.S. 825, 118 S.Ct. 86, 139 L.Ed.2d 43 (1997).
Morra’s contention that the evidence was inadmissible because the state did not give notice of intent to use similar fact evidence is waived because it was not argued below. See Archer v. State, 613 So.2d 446 (Fla.1993) (for an issue to be preserved for appeal, it must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved).
AFFIRMED.
ANTOON, C.J., and HARRIS, J., concur.

. See § 794.01 l(8)(b), Fla. Stat.

. See § 800.04(4), Fla. Stal.