752 So.2d 84 (2000)
Mark SHIVELY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D98-2697.
District Court of Appeal of Florida, Fifth District.
February 25, 2000.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
In this appeal, Mark Shively argues that the trial court erred by admitting evidence showing that a third party witness saw him french-kissing the victim and that another witness saw him standing naked, *85 talking with the minor victim in her home. He asserts that but for the admission of this testimony, the jury may not have reached a verdict of guilty of the first degree felony of sexual battery upon a child by a person with familial or custodial authority. We disagree and affirm the conviction and sentence.
The french-kissing incident led to the victim's disclosure to her mother and step-father that she had been sexually molested by Shively. Evidence necessary to describe the manner in which a criminal offense took place or how it came to light is generally admissible as relevant evidence even though it might otherwise be objectionable as prior bad act evidence because it is "inextricably intertwined" with the underlying crime. Griffin v. State, 639 So.2d 966 (Fla.1994), cert. denied, 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995); Platt v. State, 551 So.2d 1277 (Fla. 4th DCA 1989); Tumulty v. State, 489 So.2d 150 (Fla. 4th DCA 1986), rev. denied, 496 So.2d 144 (1986). The state would have been unreasonably hampered in explaining to the jury how the charged crime came to light without the step-father's testimony describing the events that led to the victim's disclosure of molestation.
Shively also asserts that the testimony of the victim's brother that he saw Shively naked in the presence of the victim was unfairly prejudicial and improperly introduced because the defense was not given advance notice of the state's plan to introduce evidence of this prior bad act. However, it appears that this incident was known to Shively's counsel before trial, and, like the french-kissing incident, it could have been the subject of a motion in limine. We note further that a minor, in a familial setting, observing an adult relative nude, without more, does not necessarily constitute either a bad, perverse or illegal act.
Shively alternatively argues that even if the naked incident evidence was not a prior bad act, the prosecutor improperly used the incident as "prior bad act evidence" by suggesting in closing argument that the nude encounter "corroborates the fact that the defendant was engaged in unconsensual sexual acts with the victim." We disagree with that characterization of the argument. The prosecutor recounted this testimony in closing argument primarily to fortify the theory that Shively, as part of his plan of being sexually involved with the victim, had set up circumstances where he and the victim would be alone in the family home. In addition, the brother's disclosure of the nudity incident was also one of the events which led to the discovery of the crime and Shively's arrest, and was therefore admissible as relevant evidence. See, Griffin v. State, 639 So.2d 966, 968 (Fla.1994), cert. denied, 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995).
The conviction and sentence are affirmed.
AFFIRMED.
W. SHARP, PETERSON and THOMPSON, JJ., concur.