779 So.2d 393 (2000)
Osvaldo J. TORRES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D97-5137.
District Court of Appeal of Florida, Second District.
July 21, 2000.
*394 Shea T. Moxon, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Osvaldo J. Torres, challenges his judgment and sentence for first-degree murder, armed burglary of a dwelling, and armed robbery. We affirm. Appellant raises numerous errors in regard to his convictions, none of which we determine result in reversible error. There is possible error, however, in regard to appellant's sentence. We write briefly to explain why we conclude that his issue regarding the giving of a premeditated first-degree murder jury instruction cannot afford him relief and remand to the trial court for reconsideration of appellant's sentence.
The indictment charging appellant with first-degree murder provided in essential part as follows:
The Grand Jurors of the County of Hillsborough, State of Florida, charge that William Tracy Hinson, Richard Margarejo, Osvaldo Javier Torres and Luis Davilazuntiga, on or about the 18th day of January 1997, through and including the 25th day of January 1997, in the County of Hillsborough and State of Florida, did unlawfully and feloniously kill a human being, to-wit: Robert Lawrence Bryan, while engaged in the perpetration of or in an attempt to perpetrate the crime of armed burglary and/or armed robbery, contrary to the form of the statute in such cases made and provided, to-wit: Florida Statute 782.04(1).
The evidence supporting a conviction of appellant for felony first-degree murder was overwhelming. There was also evidence from which the jury could have concluded that the murder was also premeditated. During jury selection, the prosecutor advised the panel that murder in the first degree may be proved by either felony murder or premeditated murder. Defense counsel raised no objection. After the jury was sworn, there was a discussion about the fact that both premeditated and felony murder theories and instructions would be submitted to the jury. Again, no objection was made. During the jury instruction conference at the end of the first day of trial, after going through both the premeditated and felony murder instructions, the following exchange occurred:
THE COURT: I'm assuming you're gonna stop me if you have any problems with any of these?
[DEFENSE COUNSEL]: Right.
Both the premeditated and felony murder instructions were read to the jury. Defense counsel raised no objection to the instructions after they were read. Appellant was found guilty as charged by a general verdict form.
Appellant relies upon O'Bryan v. State, 692 So.2d 290 (Fla. 1st DCA 1997), and Gaines v. State, 652 So.2d 458 (Fla. 4th DCA 1995), for his position that the giving of the premeditated first-degree murder instruction constituted fundamental error. Under the circumstances of this case, we find O'Bryan and Gaines unpersuasive and conclude that the instruction on premeditated first-degree murder was not fundamental error and, if error, did not affect appellant's substantial rights. See Ables v. State, 338 So.2d 1095 (Fla. 1st DCA 1976).
While appellant raises the issue of ineffective assistance of trial counsel, we do not reach that issue in this appeal as that is an issue more properly addressed by postconviction motion.
Finally, the armed burglary of a dwelling and armed robbery offenses occurred on January 18, 1997. His sentence was *395 imposed pursuant to the 1995 sentencing guidelines. Thus, we remand this case to the trial court to reconsider the sentence imposed. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
We affirm appellant's convictions and remand with directions.
WHATLEY and NORTHCUTT, JJ., Concur.