FARMER, J.
Defendant was found guilty of attempted sexual battery on a person less than 12 years of age and lewd assault. Defendant argues that a new trial is warranted because the State improperly presented other crimes evidence. We disagree and affirm.
The 8-year old victim testified that defendant had sexually abused her for two years. She also testified as to defendant’s unreported physical abuse of her mother: i.e., she saw defendant beat her mother and hold a gun to her head. The mother *48 in turn testified that defendant was physically abusive toward her and described specific incidents of such abuse. She did not call the police the night she learned that defendant had sexually abused her daughter because of her fear that he “would have jumped on me.” The mother also testified that she never reported the physical abuse because defendant threatened her with harm if she reported it to the police.
Evidence of other crimes or bad acts, even if dissimilar to the charged crime, is relevant if the evidence tends to prove a matter of consequence other than the bad character or propensity of the defendant to commit the crime charged. See Williams v. State, 621 So.2d 413, 414 (Fla.1993). A matter of consequence is “any material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” § 90.404(2), Fla. Stat. (1999).
The evidence of the physical abuse of the mother was relevant to explain why the victim had not earlier exposed the sexual abuse. See Morra v. State, 742 So.2d 815, 816 (Fla. 5th DCA 1999) (holding that evidence showing that defendant charged with sexual activity with child had been violent toward victim and victim’s mother relevant to show why victim had not reported sexual abuse earlier); Smith v. State, 538 So.2d 66, 67 (Fla. 1st DCA 1989) (affirming trial court’s decision to allow child victim to testify about father’s physical abuse of mother and fear of father as being relevant to show why victim did not report her sexual abuse); see also Hartley v. State, 686 So.2d 1316, 1321 (Fla.1996) (holding that prosecutor’s comments that witnesses had not come forward earlier because they were afraid of defendant was proper), cert. denied, 522 U.S. 825, 118 S.Ct. 86, 139 L.Ed.2d 43 (1997). In this case the victim testified that she did not tell anyone about the sexual abuse earlier because she was frightened, she thought she would get in trouble, and she thought that defendant may harm her mother because “he hit her before.”
Nor was this evidence inadmissible because any probative value was substantially outweighed by unfair prejudice. See § 90.403, Fla. Stat. (1999). Cf. Farrell v. State, 682 So.2d 204, 206 (Fla. 5th DCA 1996) (holding that although evidence that defendant had previously been imprisoned for fondling another child may have been relevant to explain why the child feared defendant and why he delayed reporting his sexual abuse, its probative value was outweighed by unfair prejudice). Here the defendant’s defense was an outright denial of the sexual abuse and that the mother induced the victim to conjure up the story of abuse as a matter of revenge. According to his theory of defense, these were the reasons for the victim failing to report the abuse earlier. Thus, the evidence of defendant’s prior physical abuse of the mother was necessary to explain why her daughter was reporting the abuse two years after its inception and to refute defendant’s implication that the daughter reported the alleged abuse only now as a matter of her mother’s revenge.
AFFIRMED.
WARNER and TAYLOR, JJ., concur.