839 So.2d 887 (2003)
Robert Eugene CURRY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2331.
District Court of Appeal of Florida, Third District.
March 12, 2003.
*888 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Erin K. Zack, Assistant Attorney General, for appellee.
Before LEVY, SHEVIN, and RAMIREZ, JJ.
PER CURIAM.
Robert Eugene Curry appeals from a conviction and sentence for sexual battery upon a minor. We reverse.
On June 30, 1998, the State filed an Information charging the Defendant with committing felony sexual battery upon N.P., who was a minor at the time of the alleged offenses, on various dates between August 15, 1981, and August 14, 1983. Before trial, the State filed a Notice of Intent to Rely on Inextricably Intertwined Evidence. In that notice, the State sought to offer as evidence the fact that:
[a]pproximately fifteen years [following the commission of the sexual battery alleged in the information], while watching the evening television news, the victim, N.P., similarly observed the defendant being arrested for giving money and loaning his car to young girls, as well as buying cigarettes and other items for them, in exchange for `sexual favors.' The news reported that anyone with information should come forward. N.P. disclosed because she did not want the defendant to hurt anyone else.
The Notice further stated that "[t]he reason for the victim's disclosure after approximately fifteen years is inextricably intertwined and relevant to explain why the victim disclosed after so many years. This evidence is necessary to establish the entire context out of which the disclosure of the crime arose." After a pre-trial hearing, the trial court ruled the evidence to be admissible at trial.
At trial, N.P., who was 28 years old at the time, was the sole witness to testify at trial. After describing the alleged instances of sexual battery that the Defendant had committed, N.P. testified that she never reported the sexual acts because she felt ashamed. After being asked by the prosecutor about when she next saw the Defendant following the alleged instances of sexual battery, N.P. testified that she saw the Defendant on a television newscast being arrested for "having sexual favors" with high school students. The jury returned a guilty verdict, and the trial court sentenced the Defendant to life imprisonment. This appeal follows.
A trial court's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion. See *889 Alston v. State, 723 So.2d 148, 149 (Fla. 1998). Relevant evidence is evidence which tends to prove or disprove a material fact, but "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." §§ 90.401, 90.403 Fla. Stat. (2001). Evidence that is inextricably intertwined with the crime charged is admissible under Section 90.402, Florida Statutes, because it is a relevant and inseparable part of the act at issue and where it is impossible to give a complete or intelligent account of the crime charged without referring to the other crime. See Griffin v. State, 639 So.2d 966, 968 (Fla.1994); Simmons v. State, 790 So.2d 1177, 1178 n. 2 (Fla. 3d DCA 2001). The Defendant contends (1) that it was possible to give a complete or intelligent account of the crime charged without referring to the fact the Defendant was recently arrested for "having sexual favors" with high school students, and (2) that testimony which relates the content of the newscast is inadmissible because the probative value, if any, of such evidence is substantially outweighed by the danger of unfair prejudice. We agree with the Defendant on both points.
While evidence that N.P. saw the Defendant on television is admissible for the purposes of explaining what caused her to report the alleged crime, it is clear that the content of the newscast  "being arrested for having sexual favors" with high school students  is not inextricably intertwined with the alleged criminal acts in the instant case. There is no possibility that the discussion of the content of the newscast viewed by the victim in 1998 would provide context to victim's description of an alleged sexual battery upon her which took place between 1981 and 1983. To support this conclusion, we need to look no further than the trial transcript which shows that the victim provided a complete, intelligent, and detailed account, without any reference to the newscast, of the acts which the Defendant was alleged to have committed. Moreover, given that this testimony was not inextricably intertwined with the alleged sexual battery, the extreme prejudice to the Defendant of discussing a newscast which supposedly attributed additional and unrelated criminal sexual activity to him substantially outweighs the probative value, if any, of such testimony.
The State argues that the content of the news report is highly relevant because it rebutted the Defendant's argument that the victim fabricated her story, and that the mere fact that the victim saw the Defendant on television would not have adequately explained her decision to report the offense. The State's argument fails, however, because there is no connection between the alleged criminal act and the content of the news report that was viewed by the victim fifteen years later. In fact, the State admittedly seeks to utilize this evidence not to provide context to the alleged criminal acts that occurred fifteen years earlier, but as a prospective attempt to rebut the Defendant's argument that the victim fabricated her allegations.
The State refers the Court to a number of cases in which evidence necessary to describe how a criminal offense came to light was admissible as being inextricably intertwined with the underlying crime, all of which are distinguishable from the instant case. For example, in Shively v. State, 752 So.2d 84, 85 (Fla. 5th DCA 2000), the Fifth District concluded that the trial court did not err by admitting evidence showing that a third party witness saw the defendant french-kissing the victim and that another witness saw him standing naked, talking with the minor *890 victim in her home. In that case, the french-kissing incident led to the victim's disclosure to her mother and step-father that she had been sexually molested by the defendant in that case. See Shively, 752 So.2d at 85. Shively is distinguishable from the instant case because the evidence at issue in Shively involved third-party eyewitness accounts of sexual encounters between the victim and the defendant. Here, the evidence at issue is the content of a news report which showed the Defendant being arrested for activities entirely unrelated to the charged offense. The State also refers to cases involving situations where testimony was adduced to explain why the victim delayed in reporting the crimes. See Williamson v. State, 681 So.2d 688 (Fla.1996); Bell v. State, 798 So.2d 47 (Fla. 4th DCA 2001). Those cases are likewise distinguishable because the testimony involved in those cases centered around the reasons behind why the victims elected not to report the crimes. Here, the State sought to elicit testimony about the content of the newscast in order to explain what precipitated the victim to disclose the offenses after so many years. This distinction proved to be critical, as the introduction of the content of the entirely unrelated newscast resulted in extreme prejudice to the Defendant.
Accordingly, the trial court abused its discretion in allowing the introduction of testimony pertaining to the content of the news report. We reverse the judgment and sentence entered below and remand for a new trial.
Reversed and remanded.