919 So.2d 707 (2006)
Luis HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2467.
District Court of Appeal of Florida, Fifth District.
February 3, 2006.
*708 James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Luis Hernandez appeals his conviction of conspiracy to traffic in cannabis. Hernandez claims that the instructions to the jury were fundamentally flawed and that the trial court erred when it allowed the State to introduce an audio tape of a telephone conversation without proper authentication. *709 [1] We conclude that the cumulative effect of the errors requires a new trial.
Hernandez was charged with trafficking in cannabis, conspiracy to traffic in cannabis, and possession of a misdemeanor amount of cannabis. The trial court granted Hernandez's motion for judgment of acquittal as to the misdemeanor possession charge. The trafficking charge was mistried when the jury was unable to reach a verdict as to that charge. However, the jury found Hernandez guilty of the conspiracy charge.
The information, charging Hernandez with conspiracy to traffic, alleged:
Pedro Mioureseou Martinez and Luis Heriberto Hernandez in the County of Lake, and the State of Florida, between 1998 and the 5th day of October, 2000, in the County and State aforesaid did unlawfully and intentionally agree or conspire with Norman Hickman to engage in specific conduct prohibited by law, to wit: trafficking in cannabis in violation of Florida Statute 777.04(3), 893.03(1)(c)(7) and 893.135(1)(a).
The jury instructions as to the conspiracy charge provided, in pertinent part:
To prove the crime of criminal conspiracy, the State must prove the following two elements beyond a reasonable doubt:
1. The intent of Luis Hernandez was that the offense of trafficking in cannabis would be committed.
2. In order to carry out the intent Luis Hernandez agreed, or conspired, with Norman Hickman and/or Debra Scherler-Hickman to cause trafficking in cannabis to be committed either by them, or by one of them, or by some other person.
Hernandez's counsel did not object to the proposed instructions at the charge conference; instead, he announced that the proposed instructions were "fine."
On appeal, Hernandez contends that the conspiracy instruction given to the jury was fundamentally flawed because it failed to require the State to prove a conspiracy involving a trafficking amount of cannabis. Clearly, Hernandez failed to preserve the issue for review by failing to raise a contemporaneous objection to this element of the jury instructions at trial. State v. Delva, 575 So.2d 643, 644 (Fla. 1991). However, the failure to fully instruct the jury on all of the elements of the crime that the defendant is charged with committing, and that the State must prove, constitutes fundamental error. In King v. State, 800 So.2d 734 (Fla. 5th DCA 2001), this Court said:
Fundamental error occurs when a trial court fails to instruct a jury on an essential element of the crime charged. If the trial court issues an incomplete or inaccurate jury instruction, fundamental error may occur if the error relates to an element of the crime. However, in order for the error in the instruction to be fundamental, it must pertain to an element of the crime that is a disputed issue in the case.
Id. at 737; see also Concepcion v. State, 857 So.2d 299, 300 (Fla. 5th DCA 2003).
The error here pertains to an element of the crime that was disputed in the case. Hernandez challenged whether all of the substance introduced as evidence at trial was actually cannabis. Also, without specifying the weight of cannabis that Hernandez allegedly conspired to traffic in, it would be impossible for the trial court to properly sentence Hernandez under section 893.135, Florida Statutes (2001). Thus, without the inclusion of a reference *710 to the amount of cannabis involved, the jury instruction on the conspiracy charge was incomplete on an essential element of the crime charged, and, therefore, constitutes fundamental error.
Hernandez further claims that the jury instructions were flawed because while the information charged that he conspired solely with Norman Hickman, the jury instructions allowed a conviction if the jury found that Hernandez conspired with Hickman or Hickman's wife, Debra Scherler-Hickman. As discussed earlier, because no objection was made to the jury instructions, the issue was not preserved and can be addressed on appeal only if deemed fundamental error. We agree with Hernandez that the jury instruction was flawed by the inclusion of the reference to Debra Scherler-Hickman. However, we need not address the fundamental error issue because of our conclusion that the other jury instruction error previously discussed requires reversal. Should the matter be tried again, the jury instruction should conform to the allegation in the information upon which sufficient evidence is introduced at trial.
Finally, Hernandez claims that the trial court erred in allowing the State to introduce a taped telephone call between Hickman and a man alleged to be Hernandez. Hernandez objected to the introduction of the tape, arguing that the State failed to offer any evidence tending to prove that his was the other voice heard on the tape allegedly discussing a drug transaction.
Under section 90.901, Florida Statutes (2001), "[a]uthentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Several courts have interpreted this to mean that, among other things, in order for a tape to be admissible as evidence, the identity of the speakers must be established. See, e.g., Holland v. State, 528 So.2d 36, 38 (Fla. 4th DCA 1988); Parnell v. State, 218 So.2d 535, 541 (Fla. 3d DCA 1969) (holding that "in order for a tape recording to be admissible the State must show to the trial court's satisfaction that (1) the recording device was operating properly, (2) that it was operated in a proper manner, (3) the recording was accurate, and (4) the voices of the persons speaking were identified"). Here, no evidence was introduced that would tend to prove that Hernandez was the speaker on the tape. As such, the admission of the tape was error.
For the foregoing reasons, we reverse this matter for a new trial.
REVERSED AND REMANDED.
PLEUS, C.J. and GRIFFIN, J., concur.
NOTES
[1] Hernandez asserts various other trial errors, none of which we find have merit.