979 So.2d 1153 (2008)
Jason Daniel JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1690.
District Court of Appeal of Florida, Fifth District.
April 18, 2008.
*1154 James S. Purdy, Public Defender, and Allison A. Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Brigid E. Collins, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The single issue raised in this appeal is whether the lower court erred in admitting a partially inaudible audiotape into evidence. Because we find no abuse of discretion in the admission of the tape, we affirm.
The audiotape in question purportedly concerned an attempt by the appellant, Jason Daniel Jackson, to hire another inmate to murder his wife, biological daughter, a step-daughter and a step-son. Apparently the daughter and step-daughter had made allegations of sexual abuse against Mr. Jackson, and he wanted to have them killed to keep them from testifying. Even though the tape was of poor quality, the trial court allowed it to be played to the jury. Mr. Jackson argues that the tape was introduced out of logical sequence and was improperly authenticated, and should, therefore, have been excluded. In addition, Mr. Jackson argues that there was no evidence establishing whether the recording was accurate and whether he was one of the speakers on the tape. We reject each of these contentions.
Generally, the admissibility of evidence is within the sound discretion of the trial court and the trial court's determination will not be disturbed on review absent a clear abuse of that discretion. Discretion is abused when the judicial action is arbitrary, fanciful, unreasonable or when no reasonable person would take the view adopted by the trial court. See Rodgers v. State, 934 So.2d 1207, 1222 (Fla.), cert. denied, ___ U.S. ___, 127 S.Ct. 728, 166 L.Ed.2d 566 (2006); Brooks v. State, 918 So.2d 181, 188 (Fla.2005), cert. denied, 547 U.S. 1151, 126 S.Ct. 2294, 164 L.Ed.2d 820 (2006); Fitzpatrick v. State, 900 So.2d 495, 514 (Fla.2005); Ray v. State, 755 So.2d 604, 610 (Fla.2000); Huff v. State, 569 So.2d 1247, 1248 (Fla.1990), cert. denied, 531 U.S. 1082, 121 S.Ct. 785, 148 L.Ed.2d 681 (2001); Curry v. State, 839 So.2d 887, 888 (Fla. 3d DCA 2003).
Section 90.901, Florida Statutes (2006), requires as a condition precedent to admissibility that evidence be identified or authenticated. This requirement can be satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. Accordingly, there must be some showing of its genuineness. See DeLong v. Williams, 232 So.2d 246 (Fla. 4th DCA 1970). Once a prima facie showing of authenticity is made pursuant to this section, however, the evidence may be admitted, and the ultimate question of authenticity is left for the jury to determine. The opposing party, of course, is free to challenge its genuineness.
Evidence may be authenticated by appearance, content, substance, internal patterns, or other distinctive characteristics taken in conjunction with the circumstances. In addition, the evidence may be authenticated either by using extrinsic evidence, or by showing that it meets the requirements for self-authentication. See State v. Love, 691 So.2d 620 (Fla. 5th DCA 1997); Mills v. Barker, 664 So.2d 1054 (Fla. 2d DCA 1995).
*1155 In order for a tape recording to be admissible the State must show to the trial court's satisfaction that: (1) the recording device was operating properly, (2) the device was operated in a proper manner, (3) the recording was accurate, and (4) the voices of the persons speaking were identified. See Hernandez v. State, 919 So.2d 707, 710 (Fla. 5th DCA 2006); Holland v. State, 528 So.2d 36, 38 (Fla. 4th DCA 1988); Parnell v. State, 218 So.2d 535 (Fla. 3d DCA 1969). Partial inaudibility or unintelligibility of an audiotape, however, is not grounds for excluding the recording if the audible parts are relevant, authenticated, and otherwise properly admissible. A court's evaluation of partially inaudible recordings must be guided by the principle that an audiotape should be admitted into evidence unless the condition of the recording degrades its usefulness to such an extent that it makes the evidence misleading or irrelevant. See McCoy v. State, 853 So.2d 396 (Fla.2003); Odom v. State, 403 So.2d 936 (Fla.1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). See also Henry v. State, 629 So.2d 1058, 1059 (Fla. 5th DCA 1993); Harris v. State, 619 So.2d 340, 342 (Fla. 1st DCA 1993).
In the present case there are numerous indicators of the authenticity of the tape for purposes of section 90.901. One law enforcement officer testified that he installed the listening equipment in the holding cell occupied by Mr. Jackson and the other inmate, and indicated that the recording made was a "true and correct recording as it was made at the time." Another detective testified specifically that he had personally recovered the audiotape from the holding cell, and that it was Mr. Jackson and the other inmate who were recorded at that time. On cross-examination the detective responded to questions from counsel, and again expressly indicated that the holding-cell audiotape was between Mr. Jackson and the other inmate. Finally, the inmate also testified concerning his conversation with Mr. Jackson in the holding cell.
We conclude, therefore, that there was no abuse of discretion in the admission of the audiotape, and, accordingly affirm. There was ample evidence of the authenticity of the tape, and there was simply nothing peculiar about the order in which the tape was admitted. We note in passing that even if the tape had not been properly authenticated for purposes of section 90.901, the error would have been harmless, given the overwhelming amount of evidence in support of the State's case. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Crumbley v. State, 876 So.2d 599, 602 (Fla. 5th DCA 2004); Chambers v. State, 692 So.2d 210, 212 (Fla. 5th DCA 1997).
AFFIRMED.
PLEUS and COHEN, JJ., concur.