[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12984
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01383-CV-T-24TGW

OSVALDO JAVIER TORRES,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 9, 2009)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Osvaldo Javier Torres, a Florida prisoner convicted of first-degree murder, armed burglary, and armed robbery appeals the district court's denial of his federal habeas petition.

## I. Facts and Procedural History

On January 18, 1997, Torres and three other individuals burglarized the home of Robert Bryan to steal marijuana and cash. Bryan was bound, hit, and at the conclusion of the burglary was left face down on the floor. Bryan's body, still bound on the floor of his residence, was found on January 25, 1997. He had died from deprivation of food and water. Torres was indicted in Florida state court for his role in the crime.

The only count relevant to this appeal is Count 1, murder in the first degree. The indictment cited to Florida Statute 782.04(1), a provision that criminalizes both felony murder and premeditated murder, but only charged Torres with the unlawful killing of Bryan "while engaged in the perpetration of or in an attempt to perpetrate the crime or armed burglary and or armed robbery." Torres's case went to trial. During the charge conference, the trial judge stated that she would instruct the jury as to "two options with First Degree Murder, one is premeditated, one's felony." Torres did not object. In its closing statement, the prosecution did not mention premeditated murder, instead concluding by arguing "there's no doubt

2

how Rob Bryan died; there's no doubt that it's Felony First Degree Murder."  After closing arguments, the judge charged the jury that Torres could be convicted of Count 1 if he committed either felony murder or premeditated murder.  Again, Torres did not object.

The jury convicted Torres of first-degree murder, armed robbery, and armed burglary.  The verdict form did not ask the jury to specify whether the first-degree murder verdict was based on felony murder or premeditated murder.  The trial judge sentenced Torres to life imprisonment for this crime.  Torres appealed to the state appellate court, arguing for the first time that the trial judge erred by instructing the jury on premeditated murder.[1]  The convictions were affirmed[2] and the Florida Supreme Court denied Torres's petition for discretionary review.

Torres timely filed a petition for writ of habeas corpus in federal district court, pursuant to 28 U.S.C. § 2254, asserting, inter alia, that he was denied "due process under the 5th and 14th Amendments when [the] trial court submitted [the] premeditated murder charge to the jury."  The district court held that this claim was procedurally barred because Torres did not object to the jury charge at trial, and he did not show cause and prejudice resulting from the default or that review was

---

[1] Torres also raised a number of other alleged errors, none of which are relevant to the instant appeal.

[2] The case was remanded, but only for consideration of sentencing issues.

3

necessary to correct a fundamental miscarriage of justice. The district court therefore denied Torres's petition for habeas relief.

We granted a certificate of appealability ("COA") limited to the following issue:

> Whether, in light of Stirone v. United States, 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.E.2d 252 (1960), the district court erred in finding that appellant's due process rights were not violated when the trial court instructed the jury on premeditated murder, which was not charged in the indictment returned by the grand jury.

## II. Standard of Review

"When examining a district court's denial of a § 2254 petition, we review the district court's factual findings for clear error and its legal determinations de novo. Mixed questions of law and fact also merit de novo review. Furthermore, we review de novo whether a particular claim is procedurally defaulted." Owen v. Sec'y for Dep't of Corr., __ F.3d __, 2009 WL 1361488, at *8 (11th Cir. May 18, 2009) (citations, quotations, and editing marks omitted).

Where a state prisoner's claim was adjudicated on the merits in state court, federal courts only may grant habeas relief where the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the

4

State court proceedings." 28 U.S.C. § 2254(d)(1)-(2). The phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Factual findings of the state court are entitled to a presumption of correctness. 28 U.S.C. § 2254(e).

## III. Discussion

Torres argues that his due process rights were violated when the state court instructed the jury on premeditated murder, which was not charged in the indictment. Before reaching the merits of this argument, however, we must determine whether this issue is procedurally barred.

Generally, we limit our review to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998). However, in a case where the district court's decision was based on procedural default, we should first address that ruling. Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1258 (11th Cir. 2002). "Unless we review a district court's threshold ruling that a claim is procedurally barred from consideration, it would be a waste of our time to consider the merits of the claim." Id.

A party may procedurally default by failing to preserve a claim for collateral review. Johnson v. Wainwright, 778 F.2d 623, 628 (11th Cir. 1985). "[A]n

5

adequate and independent finding of procedural default [by the state court] will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" Harris v. Reed, 489 U.S. 255, 262 (1989) (citations omitted). "The mere fact that a federal claim might have been procedurally defaulted does not prevent a federal habeas court from reviewing that claim if the state court did not rely on the procedural bar as an independent basis for its decision." Parker v. Sec'y for Dep't of Corr., 331 F.3d 764, 771 (11th Cir. 2003). Applying this rule, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris, 489 U.S. at 263 (citation omitted).

The Supreme Court, however, has explained that "clearly and expressly" should not be read "too broadly." Coleman v. Thompson, 501 U.S. 722, 735 (1991). In Coleman, the Supreme Court concluded that Coleman's claims were procedurally barred from federal review even though the state supreme court dismissed Coleman's petition without explanation. Id. at 740. The Supreme Court later explained that the state court's dismissal in Coleman "clearly and expressly"

6

relied on procedural default because, "although the order was unexplained, the nature of the disposition ('dismissed' rather than 'denied') and surrounding circumstances (in particular the fact that the State had rested its argument entirely upon a procedural bar), indicated that the basis was procedural default." Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991) (discussing Coleman, 501 U.S. 722).

In the instant case, the state appellate court held that Torres's claim was procedurally barred due to failure to comply with the state's preservation rule. See Fla. R. Crim. P. 3.390(d). Although the state appellate court never used the word "preservation," the surrounding circumstances in this case indicate that the basis for the state court's opinion was Torres's failure to adequately preserve the issue for appellate review. See Coleman, 501 U.S. at 740. In the state appellate court's opinion, it noted at length that Torres never objected to the premeditated murder charge. The court detailed four different times during which the issue of premeditated murder was discussed with the trial judge or mentioned before the jury, each time noting that defense counsel did not object. Torres v. State, 779 So. 2d 393, 394 (Fla. App. 2000). The court also quoted a colloquy that took place at the charge conference between the trial judge and defense counsel, in which the trial judge said, "I'm assuming you're gonna stop me if you have any problems with any of these [charges,]" and defense counsel responded "Right." Id. The

court then analyzed whether "the giving of the premeditated first-degree murder instruction constituted fundamental error." Id. Under Florida law, an error in a jury instruction is only reviewed for fundamental error if the claim was not properly preserved. See Hernandez v. State, 919 So. 2d 707, 710 (Fla. App. 2006); Lane v. State, 861 So .2d 451, 453 (Fla. App. 2003). Although the state court's opinion would have been clearer had it stated outright that Torres's claim was not preserved for appellate review, the use of the fundamental error standard, when coupled with the detailed recitation of Torres's failure to object to the premeditation charge, indicates that the court found that Torres did not properly preserve the issue.[3]

Because the state court found that Torres procedurally defaulted by failing to preserve his claim, we may only review the merit of Torres's claim if he "can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" Harris, 489 U.S. at 262 (citations omitted). Torres has not shown either.

Ordinarily, to demonstrate "cause," the appellant must "show that some

---

[3] The state appellate court also provided an alternative holding that even "if error, [the premeditated murder instruction] did not affect appellant's substantial rights." Torres, 779 So. 2d at 394. Under this circuit's precedent, however, "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

'objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Siebert v. Allen, 455 F.3d 1269, 1272 (11th Cir. 2006) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). "Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). Torres has not identified any such external impediments and, although he raised ineffective assistance of counsel arguments below, such arguments were rejected or held procedurally barred and are not properly before this court for reconsideration.

To demonstrate a "fundamental miscarriage of justice," Torres needs to "show that, in light of new evidence, it is probable that no reasonable juror would have convicted him." Id. "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). Torres has made no such showing. Torres was convicted by the jury of the felonies of armed burglary and armed robbery. See Fla. Stat. 782.04(1)(a)(2). Torres does not dispute that ample evidence was provided to

9

show that Bryan's death was the result of activities undertaken by Torres and his accomplices during the course of these felonies. Such evidence is sufficient to satisfy the requirements, under Florida law, to convict a defendant of first-degree felony murder. Id. Consequently, Torres has failed to demonstrate a "fundamental miscarriage of justice" because there is no evidence that Torres is actually innocent.

## IV. Conclusion

Having concluded that the issue contained in the COA is procedurally barred and Torres has failed to show cause and prejudice or a fundamental miscarriage of justice to overcome the bar, the district court's denial of Torres's habeas petition is affirmed.

**AFFIRMED.**