TORPY, J.
 

 Appellant was convicted by jury of four counts of sexual activity with a child. He raises several points on appeal, only one of which requires discussion. He contends that the lower court erred when it admitted a tape recorded conversation between Appellant and the victim over his authenticity objection. We conclude that the victim’s testimony was sufficient to authenticate the tape and, accordingly, affirm.
 

 The victim, a fifteen-year-old child, testified that she had engaged in consensual sexual intercourse with Appellant, her karate teacher, on numerous occasions. After she reported the incidents to the police, they supervised a recorded telephone conversation between the victim and Appellant, during which he made admissions. At trial, the State, introduced the tape recording through the testimony of the victim. Among other things, she testified that she had participated in a phone conversation with Appellant at the request of police. When shown a tape of the conversation, she confirmed that she had listened to the tape before testifying and that it was a fair and accurate recording of her conversation with Appellant. The tape was admitted over Appellant’s authenticity objection.
 

 Appellant urges that the State failed to establish authenticity because it failed to show that the recording device was operating properly and that it was operated correctly. Appellant finds support for this argument in language from two prior cases from our court:
 
 Jackson v. State,
 
 979 So.2d 1153 (Fla. 5th DCA 2008), and
 
 Hernandez v. State,
 
 919 So.2d 707 (Fla. 5th DCA 2006). In both cases, we set forth a list of predicate facts to authenticate an audio tape. Although we listed the proper operation of the recording device and proper manner of operation as two such facts, this aspect of our discussions was
 
 dicta.
 

 [1]
 

 The requirement of authenticity is “satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” § 90.901, Fla. Stat. (2008). There is no definitive list of requirements that must be met to authenticate an audio tape, even though courts “occasionally” suggest these lists. C. Eh-rhardt, Florida Evidence § 401.4 n. 2 (2008 ed.). Here, the State, as proponent, claimed that the evidence was a recording of the conversation between the victim and Appellant. The victim testified that she was a participant in the conversation, that she had listened to the tape before trial, that the voices on the tape were Appellant’s and hers and that the tape fairly and accurately memorialized the conversation. No further predicate was necessary under these circumstances.
 
 McCoy v. State,
 
 853 So.2d 396, 404 (FIa.2003).
 

 Appellant’s other points on appeal are without merit and no further discussion is necessary.
 

 AFFIRMED.
 

 SAWAYA and COHEN, JJ., concur.
 

 [1]
 

 . Arguably, these facts may be inferred from the fact that tire tape accurately memorialized the conversation, in which case their inclusion in the lists is redundant.