HAZOURI, J.
Scott Gale appeals his convictions on charges of tampering with a victim in violation of a condition of pretrial release. He was charged by information with count one, tampering with a victim, counts two and three, violations of a condition of release. The charges were based on allegations that after being released from jail on the condition of no contact with his wife, he texted her, telephoned her, and went within 500 feet of her residence. Gale was acquitted of count three of the information, which alleged that he had contact with and/or went within 500 feet of his wife on a particular date.
Gale raises six points on appeal. We address only point four wherein he contends that the court erred in allowing prior bad act evidence which we find to be prejudicial and reverse for a new trial. Our reversal makes the remaining points on appeal moot.
The testimony at trial revealed that Gale was arrested and charged with domestic *509 battery. As a condition of his release pending trial, Gale was ordered not to have any contact with his wife; however, Gale was allowed phone contact regarding his children.
According to the wife, on the day of Gale’s release, she started receiving multiple phone calls and text messages from him, most of them regarding the car being used by the wife. Gale texted the wife that he sold the car and that the new owner needed to pick it up. During a telephone call he initiated, he told her if she didn’t follow through with the charges and drop the restraining order, he would give her a simple divorce and let her move with the kids; otherwise, things would go downhill.
Gale denied sending any threatening messages to his wife or making any threatening statements to her, and stated that he communicated with her only about helping the children. However, Gale admitted that he sent her a text message regarding making arrangements for the purchaser of the car to pick it up, as well as other text messages not related solely to the children. He asked her to drop the restraining order, a civil matter, so he could transport the children to and from school. He did not ask her to drop the criminal charge.
As to the issue of admission of prior bad acts, the wife was allowed to testify over objection that she returned home after a separation, and that Gale was still physically and emotionally abusive, she was under his control and could not see friends or family, and further her use of the car was limited. Her testimony continued over objection that when she was on the computer, Gale grabbed her by her wrist, turned her head around, and screamed at her. Gale asserts that the testimony was improper evidence of prior bad acts. We agree.
The trial court erred in allowing the wife to testify about events that caused her to seek a domestic violence injunction against Gale. The wife’s allegations that Gale had been physically and emotionally abusive to her in the past were not relevant to or inextricably intertwined with the charged offenses. On the tampering charge, the state merely had to prove that Gale did some act with the intent to influence the victim (his wife) in relation to a pending case or investigation. As to counts two and three, violation of pretrial release order, the state merely had to prove that there was an order of pretrial release and that Gale did some act that violated the order. The state was not required to show what facts the domestic violence arrest was based upon.
Character evidence is inadmissible to prove a person acted in conformity with that character trait, section 90.404(1), Florida Statutes (2009), and some factual evidence is inadmissible when relevant only to prove bad character or propensity, section 90.404(2)(a), Florida Statutes (2009). The state asserts that the prior bad acts were inextricably intertwined with the charges. The “inextricably intertwined” rule is a rule of necessity: “Evidence necessary to describe the manner in which a criminal offense took place or how it came to light is generally admissible as relevant evidence even though it might otherwise be objectionable as prior bad act evidence because it is ‘extricably intertwined’ with the underlying crime.” See Shively v. State, 752 So.2d 84, 85 (Fla. 5th DCA 2000) (citations omitted). Detailed evidence referred to by the wife was not necessary to describe the charges against Gale. The prior bad acts were inadmissible because they were classic propensity evidence that showed Gale’s bad character. Furthermore, on this record we cannot say that the error was harmless. See Good *510 win v. State, 751 So.2d 537, 547 (Fla.1999) (erroneous admission of collateral crimes is presumptively harmful error); State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986) (The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict, or alternatively stated, there is no reasonable possibility the error contributed to the conviction).
We therefore reverse and remand for a new trial.
GROSS and CONNER, JJ., concur.