ALTENBERND, Judge.
D.D.B. appeals a disposition order withholding adjudication and placing her on juvenile probation for the delinquent act of “false 911 call.” We reverse the disposition order and remand for a new adjudicatory hearing because the juvenile court admitted an audio recording, allegedly of the 911 call, that was not properly authenticated.
The State filed a petition for delinquency in which it alleged that on December 19, 2011, D.D.B. “did access the telephone number ‘911’ for the purpose of making a false alarm or complaint or reporting false information which could result in the emergency response of a public safety agency.” Section 365.172(13), Florida Statutes (2011), makes misuse of the 911 and E911 system a criminal violation in Florida, and it describes acts that constitute first-degree misdemeanors and acts that constitute third-degree felonies. If sufficiently established, the acts alleged in this petition would constitute a first-degree *1185 misdemeanor. See § 365.172(13), Fla. Stat. (2011).
The matter proceeded to an adjudicatory hearing at which, over objection, the State was allowed to introduce an audio recording of two calls purportedly made by D.D.B. to the 911 system on December 19, 2011. The second call was allegedly improper. Only one witness testified at this hearing. That witness was one of two police officers who had been dispatched to D.D.B.’s home, apparently as a result of a 911 call. Although this officer was still within eyeshot when D.D.B. allegedly made the second 911 call and she saw D.D.B. on the phone, she did not see the child dial 911 and did not actually hear the call in progress. The officer could merely identify D.D.B.’s voice on the audio recording.
We conclude that the court allowed the State to introduce the audio recording without sufficient authentication. See § 90.901, Fla. Stat. (2011) (“Authentication ... of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.”); Knight v. State, 20 So.3d 451, 452 (Fla. 5th DCA 2009). The identification of D.D.B.’s voice on the recording is helpful to the State’s case, but authentication would also require other predicate evidence, including that the recording was of a telephone call received and handled by the 911 system on the relevant date.
We cannot treat this error as harmless in this case. On the record provided to this court, the audio recording was critical to establish that D.D.B. actually called 911, which was an essential component of the proof required to establish that she committed the delinquent act alleged in the petition for delinquency. Accordingly, we reverse the disposition order and remand for a new adjudicatory hearing.
Reversed and remanded.
KHOUZAM and SLEET, JJ., Concur.