WARNER, J.
In this appeal from multiple convictions of murder and attempted murder, appellant claims that the trial court reversibly erred when it admitted a recording of appellant’s telephone conversation while in jail which inculpated him in the crimes. Appellant objected, to its admission because the voice identification by the investigating officer was inadequate, as he had only a brief conversation with the appellant. Because the investigating detective testified that he recognized appellant’s voice, the court did not err in admitting the recording. The credibility of that identification was properly left to the jury. We affirm.
These crimes occurred during a drug deal. Three victims drove to an apartment complex to sell drugs to the two co-defendants, one of them being appellant Vil- *649 saint. Instead of purchasing the drugs, Vilsaint shot and killed one of the victims and shot but did not kill another. The third was shot by either Vilsaint or the co-defendant. Both defendants fled in a chase with police and were not apprehended.
The surviving victim identified Vilsaint and his co-defendant from photos, and Vil-saint and the co-defendant were arrested and placed in cells at the jail. Two days later, the investigating detective asked to have calls from Vilsaint’s cell recorded. At trial, the state sought to have the investigating detective identify Vilsaint’s voice on the calls. The detective testified that he recognized Vilsaint’s voice from interviewing him during the booking process after his arrest. Defense counsel objected on the grounds of “competence, lack of foundation.” The court overruled the objection.
During cross-examination, the detective testified that he had not actually participated in the booking. Defense then requested a sidebar and learned that the detective had actually started interrogating Vilsaint, who had invoked his Miranda rights. Defense counsel then objected and moved to strike the identification, because Vilsaint’s statements were being used against him as they created the means to identify his voice.[1] Defense counsel also complained that he was unable to question the detective regarding the statement, because it would tell the jury that Vilsaint had invoked his right to silence. The court rejected those contentions. Defense counsel, however, did cross-examine the detective, and got him to admit that his voice identification was based upon about thirty-six words, mostly “yes” and “no.” Vilsaint spoke in English to the detective, yet the recorded conversation was in Creole.
The state called a court translator who had translated the call and read from a transcript of the call. Defense counsel objected on best evidence grounds. In the call, Vilsaint stated, “They know I did it.”
In addition to the eyewitness identification, DNA evidence and fingerprint evidence tied Vilsaint to the crime scene and the chase scene. The jury found him guilty, and the court convicted and sentenced Vilsaint to multiple terms of life in prison for the murders and attempted murders. He appeals his conviction.
On appeal, Vilsaint contends that admission of the recorded jail telephone call was error because it was not properly authenticated. While in his brief he argues that the state offered no evidence that the transcribed call was a fair and accurate representation of the telephone conversation, he did not object at trial on that ground. His sole objection at trial involved the detective’s voice identification.
The admissibility of evidence is within the sound discretion of the trial court, subject to the rules of evidence, and will not be reversed absent a clear abuse of that discretion. See Vargas v. State, 101 So.3d 1269, 1270 (Fla. 4th DCA 2012); Jackson v. State, 979 So.2d 1153, 1154 (Fla. 5th DCA 2008).
Section 90.901, Florida Statutes (2010), addresses authentication and provides that it is a condition precedent to admissibility. “The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” Id. As we noted in Symonette v. State, 100 *650 So.3d 180, 183 (Fla. 4th DCA 2012), there is no specific list of requirements for authentication, and each case must be determined on its own merits. Nevertheless, for the admissibility of recordings, courts have developed a list of requirements, including “(1) the recording device was operating properly, (2) the device was operated in a proper manner, (3) the recording was accurate, and (4) the voices of the persons speaking were identified.” Jackson, 979 So.2d at 1155; see also Hernandez v. State, 919 So.2d 707, 710 (Fla. 5th DCA 2006); Parnell v. State, 218 So.2d 535, 541 (Fla. 3d DCA 1969); see generally Holland v. State, 528 So.2d 36, 38 (Fla. 4th DCA 1988).
Appellant did not object or challenge the operation of the device or the accuracy of the recording. He objected only to the detective’s identification of his voice on the tape. Voice identification is admissible in Florida. See Barrientos v. State, 1 So.3d 1209, 1213 (Fla. 2d DCA 2009). The credibility of that identification is a question for the jury. Id.; see also Worley v. State, 263 So.2d 613, 613 (Fla. 4th DCA 1972). Here, the detective spoke to appellant for approximately ten to fifteen minutes prior to appellant being put in the cell. He said that based upon this he could identify appellant’s voice on the tape. This was sufficient to satisfy authentication, and the trial court did not abuse its discretion by overruling defense counsel’s objection to the identification. The jury could determine for itself the credibility of that identification.
The conviction and sentence are affirmed.
CIKLIN and GERBER, JJ., concur.

. This issue has not been raised on appeal by the defendant, because it is meritless. See State v. Trottman, 701 So.2d 581, 583-84 (Fla. 5th DCA 1997) (compelling a suspect to disclose the sound of his voice does not violate the Fifth Amendment).