IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ABDELILAH JABRI,

      Appellant,

 v.                         Case No.  5D21-2317
                                 LT Case No. 2019-CF-4120

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 3, 2022

Appeal from the Circuit Court
for Osceola County,
Keith A. Carsten, Judge.

Matthew J. Metz, Public Defender,
and Allison A. Havens, Assistant
Public Defender, Daytona Beach, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Roberts J.
Bradford, Jr., Assistant Attorney
General, Daytona Beach, for
Appellee.

PER CURIAM.

AFFIRMED.  *See Mullens v. State*, 197 So. 3d 16, 25 (Fla. 2016) ("We have indicated that authentication for the purpose of admission is a relatively low threshold that only requires a prima facie showing that the proffered evidence is authentic; the ultimate determination of the authenticity of the evidence is a question for the fact-finder." (citing *Gosciminski v. State*, 132 So. 3d 678, 700 (Fla. 2013))); *Knight v. State*, 20 So. 3d 451, 452 (Fla. 5th DCA 2009) (providing that "[t]here is no definitive list of requirements that must be met to authenticate an audio tape" and holding that when "[t]he victim testified that she was a participant in the [recorded] conversation, that she had listened to the tape before trial, that the voices on the tape were Appellant's and hers and that the tape fairly and accurately memorialized the conversation . . . [n]o further predicate [for the authentication of the recording] was necessary").

LAMBERT, C.J., EISNAUGLE and HARRIS, JJ., concur.